CUNNINGHAM v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

Civil No. 10784.

United States District Court. E. D. New York.

May 22, 1951.

Alexander & Green, New York City (Joseph C. McKinnon, New York City, of counsel), for plaintiff opposed.

Arthur Kaiser, New York City (Carl F. Hollander, New York City, of counsel), for defendant Mutual Life Ins. Co. of New York.

Ganson J. Baldwin, New York City, for defendant Connecticut General Life Ins. Co.

BYERS, District Judge.

The defendant Connecticut General Life Insurance Company has excepted to four

of eleven interrogatories addressed to it in an action based upon life insurance policies issued by it, and Mutual Life Insurance Company, to Philip D. Cunningham, deceased; his death on November 22, 1948, gave rise to claims for double indemnity, and the customary issue is raised of whether his death was the result of accident or suicide.

Seemingly the said interrogatories have been answered as to all information secured by this defendant immediately following the death in question.

For instance, a copy of a statement made by investigator Scofield on December 16, 1948, is attached to the answer to interrogatory No. 8.

That statement seems to be full and comprehensive as to all persons interviewed in the effort to ascertain relevant data touching the circumstances attending the decedent's demise and its possible cause.

The plaintiff now insists that, in addition to the foregoing, she can require the defendant's attorney to disclose the results of his own investigations and preparation for trial, undertaken since the inception of the lawsuit. Thus Nos. 8, 9 and 10 call for names of persons interviewed by the defendant's attorney with complete indentification; names, etc., of those from whom statements have been obtained; names of those "known to defendant to have knowledge or information concerning" etc., thus calling for mind-reading by the attorney. No. 11 seeks the same in repetitious form, and the substance of any such statements.

All this is sought to be justified on the theory that special circumstances have been shown for eliciting the desired information, within the penumbra of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, even though it is the work-product of the defendant's attorney.

Turning to that aspect of the case, the showing is (McDermott aff., page 3): (a) The insured died instantly. As to this, the statement of Scofield is quite informing.

(b) "Plaintiff, his wife, has died since the commencement of this action. Her executrix, denied these logical sources of information, can properly prepare for trial only by obtaining the information which has been developed by the defendants' investigations."

Apart from the fact that no executrix of the plaintiff is named or otherwise indicated, and passing the obscurity of the characterization "these logical sources of information", which lack antecedent, it is a complete non-sequitur to announce that an unidentified entity can go to trial only as the affidavit asserts.

The Court is informed by the brief filed for Mutual Life Insurance Company, that Mrs. Cunningham, prior to her death last month, had given her testimony under deposition; that her daughter is an attorney and may be presumed to have familiarized herself with all available information during the period that intervened between the death of her father and the institution of this lawsuit, as to all incidents tending to support the latter.

All that is shown for the presumptive plaintiff is a lively curiosity, on the part of the attorneys in charge, in the details of their adversaries' preparations for trial. Such is not the special circumstance, nor the good cause exception which is attributed to the opinions in the Hickman case, supra, and which might be efficacious to entitle the plaintiff, even when such an identity has been revealed, to require answer to so much of these four interrogatories as is the subject of challenge.

Exceptions sustained.

Settle order.